UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

XAVIER EDWARDS ET AL                         CIVIL ACTION NO. 26-cv-1186

VERSUS                                       JUDGE VAN HOOK

CITY OF SHREVEPORT                           MAGISTRATE JUDGE HORNSBY

### REPORT AND RECOMMENDATION

**Introduction**

Xavier Edwards and Lavondra Kersee ("Plaintiffs") filed this civil action in state court against the City of Shreveport based on claims such as unlawful search and excessive force.  The City removed the case based on federal question jurisdiction and filed a Motion to Dismiss (Doc. 2) that challenged the adequacy of the allegations of federal claims. Plaintiff responded by filing an amended complaint (Doc. 6) that stripped all federal claims and relied solely on state law.  For the reasons that follow, it is recommended that the motion to dismiss be denied as moot and this civil action be remanded to state court for lack of subject matter jurisdiction.

**Procedural History**

Plaintiffs alleged in their state court petition that officers affiliated with the Shreveport Police Department unlawfully entered their residence in Shreveport without a valid warrant and absent any exigent circumstances that would justify a warrantless entry. The officers allegedly kicked in the door, brandished firearms, and searched the home.

Plaintiffs' petition alleged that the actions amounted to constitutional violations that were caused by policies of the City that amounted to deliberate indifference.  The petition specifically invoked Louisiana law and did not invoke any federal law with particularity until near the end where it prayed for "recovery of attorney's fees and costs pursuant to 42 U.S.C. § 1988."

The City removed the case based on federal question jurisdiction.  It pointed to Plaintiffs' invocation of Section 1988 and a demand for punitive damages, which are available under federal but not state law in such cases.[1]  Two days after the case was removed, the City filed a motion to dismiss based on Fed. R. Civ. Pro. 12(b)(6) and qualified immunity.  The City argued that Plaintiffs did not plead facts to support a plausible claim against the City under 42 U.S.C. § 1983 or Monell.

Plaintiffs responded by filing an amended complaint (Doc. 6) that repeated the same general factual allegations as the original petition filed in state court.  One change is that the amendment alleged that the officers purported to act based on a search warrant, but Plaintiffs alleged that the warrant was defective because it relied upon false, misleading, or inaccurate information.  Plaintiffs also alleged that they were subjected to unlawful invasion of privacy and suffered severe emotional distress.  Most relevant to the issue before the court is that the amended complaint characterized the officers' conduct as

---

[1] Removal was supported by Plaintiffs' specific invocation of Section 1988, but a mere assertion of a claim for attorney's fees or punitive damages that are not available under state law but could be available under federal law will not support federal question removal. Such generic requests are not equivalent to pleading a Section 1983 claim. Stinson v. Scoggins, 2008 WL 631204, *3 (W.D. La. 2008) (Hicks, J.).

"negligence under Louisiana law," deleted the reference to a claim for attorney's fees based on Section 1988 or otherwise, deleted the claim for punitive damages, and did not include any specific invocation of federal law.

Plaintiffs also filed a memorandum (Doc. 7) in response to the motion to dismiss. They stated that the amended complaint removed any and all federal claims.  Specifically, they said: "Plaintiffs' Amended Petition asserts only state law causes of action."  Also, "[t]here are no claims arising under the United States Constitution or 42 U.S.C. § 1983." Plaintiffs urged that the motion to dismiss, which is directed at federal claims, is now moot and that this court should remand the case to state court for lack of subject matter jurisdiction.  The City was allowed an opportunity to file a reply memorandum to respond to these arguments, but it did not do so.

**Analysis**

Plaintiffs' amended complaint restated and replaced the original complaint.  "If a plaintiff amends her complaint, the new pleading 'supersedes' the old one: The 'original pleading no longer performs any function in the case.'"  Royal Canin U.S.A., Inc. v. Wullschleger, 145 S. Ct. 41, 52 (2025), quoting 6 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1476, pp. 636–637 (3d ed. 2010).  And when an amended complaint is filed after a motion to dismiss, the court may deny the motion to dismiss as moot. Griffin v. Am. Zurich Ins. Co., 697 Fed. Appx. 793, 797 (5th Cir. 2017) (per curiam) ("Once filed, that amended complaint rendered all earlier motions … moot.").

Plaintiffs' amended complaint requires remand under the recent unanimous holding in Royal Canin, U.S.A., Inc.  The plaintiff in that case filed a suit in state court that

contained federal claims, so it was properly removed to federal court.  The federal court had supplemental jurisdiction over the additional state law claims.  But when the plaintiff amended her complaint to delete all of her federal claims, it deprived the federal court of federal question jurisdiction as well as supplemental jurisdiction.  Remand was required. Royal Canin U.S.A., Inc., 145 S.Ct. at 43-44.  The same result is necessary in this case.

Accordingly,

It is recommended that the City's Motion to Dismiss (Doc. 2) be denied as moot due to the voluntary dismissal of the federal claims it attacks and that this civil action be remanded to the First Judicial District Court, Caddo Parish, Louisiana.  After remand, the parties should ensure that the amended complaint is filed in the state court record along with any other federal filings that the parties believe warrant being included in the state court record.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar

that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 18th day of May, 2026.

Mark L. Hornsby
U.S. Magistrate Judge